IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANTHONY WILLIAMS | : | NO. 11-223-1 |

**O R D E R**

**AND NOW**, this 19th day of November, 2012, upon consideration of the following motions filed by or on behalf of Defendant Anthony Williams:

1. Motion to Dismiss the Indictment (Doc. No. 328),

2. Motion to Compel Disclosure of Pre-sentence Investigation Report of Co-defendants Testifying Against Defendant (Doc. No. 329),

3. Motion to Compel Disclosure of Existence and Substance of Promises or Immunity, Leniency or Preferential Treatment (Doc. No. 330),

4. Motion to Bar Impeachment Use of Defendant's Prior Convictions (Doc. No. 331),

5. Motion for Order on Government to Give Timely Written Notice of Intention to Present 404(b) Evidence (Doc. No. 332),

6. Motion for Production of Law Enforcement Interview Reports or Notes with Individuals Who Will Not Be Witnesses at Trial (Doc. No. 333),

7. Motion for Early Disclosure of Material under 18 USC 3500 (b) (Doc. No. 334),

and the Government's response (Doc. No. 336) thereto, it is hereby **ORDERED** that Defendant's motions are **DENIED** for the reasons set forth (1) on the record of the hearing on October 11, 2012, (2) in the accompanying memorandum and (3) herein.

The Court makes the following additional findings pertaining to the Motion to Dismiss the Indictment and the continuances of the trial dates in this case:

The continuance granted at the hearing on March 7, 2012, which was requested by defense counsel for Mr. Williams in a motion filed on November 3, 2011 (Doc. No. 164), was based on the Court's finding that the ends of justice served by taking such action outweighed the best interest of the public and Mr. Williams's interest in a speedy trial, and that the failure to grant such a continuance in the proceeding likely would have made a continuation of such proceeding at that time impossible, or would have resulted in a miscarriage of justice. The continuance was granted to allow Mr. Williams and his counsel time to discuss the stated possibility of a plea and to endeavor to negotiate a plea with the Government, or, if unsuccessful, to prepare for trial. The Court further found that the failure to grant such a continuance would have denied counsel for Mr. Williams the reasonable time necessary for effective trial preparation, taking into account the exercise of due diligence and professionalism. In addition, the Court considered the dynamics of this prosecution prompted by the on-going decision-making of other defendants in this case, as well as the fugitive status of two of them.

The continuance granted at the hearing on May 8, 2012 was based on the Court's finding that the ends of justice served by taking such action outweighed the best interest of the public and the Defendant's interest in a speedy trial, and that the failure to grant such a continuance in the proceeding likely would have made a continuation of such proceeding impossible, or resulted in an avoidable miscarriage of justice. The continuance was granted to allow Mr. Williams time

to discuss the possibility of a plea with his newly-appointed defense counsel and give that counsel time to negotiate a plea with the Government, or, if that proved unsuccessful, to prepare for trial. The Court further found that the failure to grant such a continuance would have denied new counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence and professionalism. Moreover, the rescheduling of trial to late November 2012 was expressly discussed at length with the Defendant and was selected with his knowledge, considering that is was prompted in significant measure by his insistence on the appointment of another attorney who appeared to be considering the need to request (and subsequently did request) more time to submit additional pre-trial motions on behalf of Mr. Williams.

Therefore, the Court agrees that the interests of justice were and are served by the rescheduling of this trial and has granted defense motions for continuances of trial in this case.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge